# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**ANTHONY CORNELIUS MATTOX JR.**
**5074 Kimi Gray Ct. SE**
**Washington DC, 20019**

    Plaintiff,

    v.

**UNITED STATES OF AMERICA**

    **SERVE:**
    **Jessie K. Liu**
    **United States Attorney**
    **United States Attorney's Office**
    **For the District of Columbia**
    **555 4th Street, NW**
    **Washington DC 20001**

and

**UNITED STATES SECRET SERVICE**

    **SERVE:**
    **Jessie K. Liu**
    **United States Attorney**
    **United States Attorney's Office**
    **For the District of Columbia**
    **555 4th Street, NW**
    **Washington DC 20001**

    Defendants.

**Civil Action No.**

    **COPIES BY CERTIFIED MAIL**

    **Civil-Process Clerk**
    **United States Attorney's Office**
    **For the District of Columbia**
    **555 4th Street, NW**
    **Washington DC 20001**

    **Hon. William Bar**
    **Attorney General of the U.S.**
    **U.S. Department of Justice**
    **950 Pennsylvania Avenue, NW**
    **Washington, DC 20530-0001**

**U.S. SECRET SERVICE**
**Office Of Communication**
**And Media Relations**
**245 Murray Ln Sw - Bldg T-5,**
**Washington, Dc 20223**

_____

## COMPLAINT

COMES NOW Plaintiff Anthony Mattox, Jr. ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendants the United States of America and the United States Secret Service.

## NATURE OF CASE

This is an action for damages Plaintiff sustained as the result of Defendants' automobile negligence in the District of Columbia on June 7, 2016.

## PARTIES

1. Plaintiff Anthony Mattox, Jr. is a citizen and resident of the District of Columbia.

2. Defendant United States of America is sued for Plaintiff's injuries its employees' negligent or wrongful acts and omissions caused. These employees were acting within the scope of their employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the District of Columbia – namely by negligently operating a motor vehicle.

3. Defendant the United States Secret Service is an agency is an agency within the meaning of 5 U.S.C. § 552(f)(1).  The United States Secret Service is an agency of the Department of Defense, which is a department of the Executive Branch of the United States Government.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action under pursuant to 28 U.S.C. § 1331 because it is a case arising under the laws of the United States and the Constitution of the United States.

3. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.

4. Venue is proper in this District under 28 U.S.C. § 1391(b). A substantial part of the events and conduct giving rise to the obligations, liabilities, breaches, and/or violations of law complained of occurred in or emanated from this District.

5. Plaintiff timely submitted a SF-95 claim with the United States Secret Service for damages sustained from the negligent conduct described herein. On February 12, 2019, the Deputy Director of the United States Secret Service issued a denial letter providing that Plaintiff "may institute suit in the appropriate Federal district court under the Federal Tort Claims Act no later than six months from the date of this letter." *See* letter attached hereto as **Exhibit A.**

## FACTS

6. On Tuesday June 7, 2016 at approximately 5:48 PM, Plaintiff was working for the District of Columbia Department of Transportation (DDOT) as a Traffic Control Officer.

7. Plaintiff was directing traffic at the intersection of 14th Street and K Street NW as part of the evening rush hour.

8. Plaintiff was wearing a reflective jacket and using a whistle. It was daylight with dry road conditions.

9. Plaintiff observed a Chevy Traverse with Maryland license plate 2BE8948 approach the intersection, traveling westbound on K Street.

10. The Chevy Traverse was owned by the United States Secret Service.

11. United State Secret Service employee Andrew Scott Lane was operating the Chevy Traverse within the scope of his employment.

12. Plaintiff, as a Traffic Control Officer, commanded the Chevy Traverse vehicle to stop several times.

13. Plaintiff used both his whistle and his hands to command the Chevy Traverse vehicle to stop.

14. Mr. Lane did not stop, and negligently caused a collision with Plaintiff who was a pedestrian.

15. Plaintiff suffered injuries as the result of the collision, including acute avulsion fracture involving the lateral malleolus.

16. Plaintiff has incurred recoverable damages, including, *inter alia*, medical expenses, loss of wages, and pain and suffering.

## COUNT I – NEGLIGENCE AND NEGLIGENCE *PER SE*

17. All preceding paragraphs are incorporated by reference as though fully set forth herein.

18. At all relevant times herein, Defendants and their motorist employee owed Plaintiff a duty to use reasonable care in controlling and operating the vehicle operated on the District of Columbia roads.

19. Defendants breached this duty by, inter alia: (a) failing to maintain proper control of the vehicle; (b) failing to pay full time and attention to the operation of his vehicle; (c) failing to keep a proper lookout; (d) failing to operate the vehicle safely; and (e) failing to adhere to the applicable motor vehicle laws and regulations then and there in full force and effect.

20. Defendants were in violation of the motor vehicle laws of the District of Columbia. Those violations include, but are not limited to: (a) driving a vehicle in a manner so as to endanger any person or property; (b) failing to give full time and attention to the operation of his vehicle; (c) refusal to comply with any lawful order or direction of a traffic control officer and/or civilian crossing guard (18 DCMR 2000.2); (d) failure to use "due care to avoid colliding with any pedestrians" (18 DCMR 2300.2); and others.

21. The motor vehicle laws of the District of Columbia are designed to protect members of the public on the road, as well as traffic safety officers in the performance of their duties.

22. Plaintiff was a member of both such classes of persons the motor vehicle laws of the District of Columbia were designed to protect.

23. By violating the aforementioned motor vehicle laws, Defendants breached their duties owed to Plaintiff as a member of the classes of persons intended to be protected by such laws.

24. Defendants and their motorist employee directly and proximately caused the collision with Plaintiff by negligence and negligence *per se* in the breach of the aforesaid common law and statutory duties.

25. Defendants' actions were the proximate cause of the aforesaid collision.

26. As a direct and proximate result of Defendants' negligence, Plaintiff suffered damages, including but not limited to, serious and permanent bodily and emotional injuries, as well as lost earnings.

27. As a further direct and proximate result of Defendants' negligence, Plaintiff suffered and will continue to suffer physical pain and anguish.

28. As a further direct and proximate result of Defendants' negligence, Plaintiff incurred and will continue to incur medical and other expenses.

29. As a further direct and proximate result of Defendants' negligence, Plaintiffs had and continue to have difficulty performing various activities.

30. For such injuries proximately resulting from Defendants' foregoing negligent conduct, Defendants are liable to Plaintiff for compensatory damages in an amount of $250,000.00 or the maximum allowable by law, which amount shall be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants as follows: (1) compensatory damages in the amount of $250,000.00 or the maximum allowable by law, which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## **PRAYER**

Plaintiff prays judgment against Defendants for $250,000.00 or the maximum allowable by law.

Dated: June 7, 2019

/s/ Richard F. Silber
Richard F. Silber (Fed. Bar. ID No. 395407)
Richard F. Silber PLLC
3221 M Street NW
Washington DC 20007
Email: rsilber@richardsilber.com
Phone: (202) 338-0687
Fax: 202-333-0858
*Counsel for Plaintiff*